(C.D. 4472)

A. & A. Trading Corp. *v.* United States

Court No. R70/3282

(Decided October 5, 1973)

*Rode & Qualey* (*PeterJay Baskin* and *John S. Rode* of counsel) for the plaintiff. *Irving Jaffe*, Acting Assistant Attorney General (*James Caffentzis*, trial attorney), for the defendant.

Watson, Judge: This case was brought to challenge the appraise-

ment of certain electrical articles and spare parts imported from Japan in 1969. The central question is whether the appraised value, which was export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, properly included an amount designated as purchasing agent's commission.

After the trial and the submission of plaintiff's brief, defendant requested to be relieved of the necessity of filing a brief and conceded plaintiff had established a *prima facie* case. Although the conclusion in this case is foregone, the efforts heretofore expended by the parties, particularly plaintiff's brief, warrant a short summary of the facts.

The testimony of plaintiff's witnesses established without contradiction that since it was founded A & A Japan, Ltd. acted as the buying agent of A & A Trading Corp. In all respects, A & A Japan, Ltd. was under the control of plaintiff; a control derived from the common ownership of the two corporations and exemplified in the full authority actually exercised by A & A Trading over A & A Japan, Ltd. A & A Trading retained the authority to decide what merchandise it would purchase, to select the manufacturer and even to examine the books and records of A & A Japan, Ltd. A & A Japan, Ltd. performed the functions usually associated with the role of buying agent and was paid a commission for those services.

In light of the above, I make the following findings of fact:

1. That the merchandise in question consists of electrical articles and spare parts exported from Japan on or about July 3, 1969.

2. That said merchandise does not appear on the Final List published as provided for in the Customs Simplification Act of 1956, 93 Treas. Dec. 14, T.D. 54521.

3. That said merchandise was appraised on the basis of export value as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

4. That said merchandise was appraised at the invoice unit values plus commission.

5. That the appraisements herein are separable.

6. That the plaintiff's burden herein was limited to establishing the existence of a *bona fide* buying agency relationship between A & A Trading and A & A Japan.

7. That A & A Japan was the *bona fide* buying agent for the plaintiff in connection with the merchandise covered by the instant appeal for reappraisement.

8. That A & A Japan, since 1955, has acted as A & A Trading's *bona fide* buying agent in connection with all purchases made by A & A Trading, regardless of the particular manufacturer involved.

I therefore reach the following conclusions of law:

1. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of appraisement of the merchandise here involved.

2. That said export values are the invoice unit values.

Judgment will be entered accordingly.